UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JAMAL CAMPBELL,

                          *Plaintiff*,

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT OFFICER KIERSTEN
CHAMBERS JOHN DOE OFFICERS 1-2,

                        *Defendants*.

------------------------------------------------------------------X

Docket No.:

Date Purchased:


SUMMONS

Plaintiff designates
EASTERN
DISTRICT OF NEW YORK
as the place of trial

The basis of venue is
Plaintiff Residence

To the above-named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JURY TRIAL DEMANDED

DATED:     New York, New York
              December 6, 2021

                                Yours, etc.,

                                __*Kurt Robertson*_____
                                Kurt Robertson, Esq.
                                ***Robertson & Associates***
                                Attorneys for Plaintiff
                                200 Vesey Street, 24th Floor
                                New York, NY 10281
                                (929) 438-5878

TO:

Corporation Counsel
The City of New York
100 Church Street
New York, NY 10005

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMAL CAMPBELL,

**COMPLAINT AND JURY
DEMAND**

DOCKET NUMBER

                              *Plaintiff*,


             -against-



THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT OFFICER KIERSTEN
CHAMBERS JOHN DOE OFFICERS 1-2,

                              *Defendants*
-------------------------------------------------------------------X

      Plaintiff, JAMAL CAMPBELL, by his Attorneys ROBERTSON & ASSOCIATES, as and

for his complaint, set forth upon information and belief, and at all times hereinafter that:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff seeks relief for the violation of his rights
secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States
Constitution of the United States of America.

2.  Plaintiff also brings this action pursuant to New York State Law.

## JURISDICTION

3.  This is a civil right action in which plaintiff seeks relief for the violation of his rights
secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States
Constitution.

4.  Plaintiff also brings this action pursuant to New York State Law.

5.  This Court has jurisdiction over each of the state law claims as well as the federal claims
pursuant to concurrent jurisdiction.

6.  The claims arise from an October 21, 2020 incident in which Officers of the New York
City Police Department ("NYPD"), acting under color of state law, intentionally and willfully
subjected plaintiff to, *inter alia*, false arrest and false imprisonment.

7.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against

Defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

8.  This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

9.  The amount in controversy exceeds $75,000,00 excluding interest and cost.

## VENUE

10.  Venue is laid within the United States District Court for the Eastern District of New York in that defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

11.  Plaintiff JAMAL CAMPBELL is a legal resident of United States and at all times here relevant resided in Kings County, City and State of New York.

12.  The City of New York (or "The City") is a municipal corporation organized under the Laws of the State of New York. At all times relevant hereto, Defendant The City, acting through the New York Police Department (or NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant, The City, was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

13.  Officer Kierstan Chambers was, at all times here relevant, a police officer of the NYPD, and as such, was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, officer Chambers was plaintiff's " arresting officer" and was under the command of the 79th Precinct of the NYPD. Defendant Chambers is sued in her individual capacity.

14.  All other individual defendants ( "the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

15.  At all times here mentioned defendants were acting under color of State law, to wit, under color pf the statues, ordinances, regulations, policies, customs and usages of the City and State of New York.

4

## NOTICE OF CLAIM

16. Within 90 days of the incident, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

17. This action was commended within one year and ninety days of October 21, 2021, the date of the incident herein.

## THE FACTS

18. At all times hereinafter mentioned, on or about August 7, 2020, Plaintiff rented a 2017 Ford Fusion, NY License Plate 638390R GLYDE rental car.

19. The agreement was renewed on October 20, 2020

20. On or about October 21, 2020, Plaintiff was operating the aforementioned vehicle at the Intersection of Nostrand Avenue and Madison Avenue, Brooklyn, NY.

21. Plaintiff was stopped by NYPD Officer Chambers, identified via shield number 26702 of 079 Command.

22. Officer Chambers effectuated an arrest of Plaintiff.

23. Plaintiff was charged with violating VTL §§ 401 (1)(a), 402(1) and PL 170.20.

24. Plaintiff was charged operating and unregistered vehicle, improper display of number Plates and criminal possession of a forged instrument in the third degree.

25. Plaintiff was further accused of operating the vehicle with license plates that expired on September 3, 2020, prior to the renewal of the rental agreement on October 20, 2020.

26. Despite advising officer Chambers and John Doe Officers 1-2 that the aforementioned Vehicle was rented, and in fact having officer Chambers speak with the rental company, Plaintiff was remanded to police custody.

27. As a result of Defendant's above-described actions, Plaintiff has suffered and continues suffer harm and damage including but not limited to denial of his individual and constitutionally guaranteed liberties, mental distress, embarrassment and humiliation, harm to his reputation, loss of liberty, and other damages in an amount to be determined.

**FIRST CLAIM RELIEF FALSE ARREST AND EXCESSIVE FORCE UNDER 42 U.S.C §1983**

(Against the individual defendants)

28. Plaintiff, JAMAL CAMPBELL, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and length.

29. As a result of the defendant's conduct, plaintiff was subjected to illegal, improper and false arrest, excessive force, taken into custody, and caused to be falsely imprisoned, detained, injured, and confined without any probable cause, privilege, or consent.

30. As a result of the foregoing, plaintiff's liberty was restricted and he was put in fear for his safety, he was injured and endured pain, without probable cause.

**SECOND CLAIM FOR RELIEF MALICIOUS PROSECUTION UNDER 42 U.S.C §1983**

(against the individual defendants)

31. Plaintiff, JAMAL CAMPBELL, repeats,  reiterates, and realleges each and every Allegation set forth above with the same force and effect as if fully set forth herein and length.

32. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

33. Defendants did not make a complete and full statement of facts to the District Attorney.

34. Defendants withheld exculpatory evidence from the District Attorney.

35. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

36. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

37. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

38. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

39.  Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

40.  Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

41.  Notwithstanding the conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when all charges were dismissed and the record sealed.

## THIRD CAUSE OF ACTION FOR MUCIPAL LIABILITY
## <u>PURSUANT TO 42 U.S.C SECTION 1983</u>

42.  Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43.  The NYPD Defendants arrested, searched, and incarcerated Plaintiff, JAMAL CAMPBELL, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

44.  The acts complained of were carried out by the afore-mentioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

45.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, all under the supervision of ranking officers of said department.

46.  Those customs, policies, patterns, and practices include, but are not limited to:

    I.    Requiring officers to make a predetermined number of arrest and/or issue a predetermined number of summonses within a predetermined time frame;

    II.    Requiring precincts to record a predetermined number of arrest and/or issue a predetermined number of summonses within a predetermined time frame;

    III.    Failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    IV.    Failing to properly train police officers in the requirements of the United States Constitution;

47.  The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT directly cause, *inter alia,* the following unconstitutional practices:

    I.    Arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    II.    Arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    III.    Falsifying evidence and testimony to support those arrests;

IV.     Falsifying evidence and testimony to cover up police misconduct;


48.  The foregoing customs, policies, usages, practices, procedures and rules of THE CITY
OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT constitute a deliberate
Indifference to the safety, well- being and constitutional rights of Plaintiff JAMAL CAMPBELL.


49.  The foregoing customs, policies, usages, practices, procedures and rules of THE CITY
OF NEW YORK and THE NEW YORK POLICE DEPARTMENT were the direct and
proximate cause of the constitutional violations suffered by plaintiff as alleged herein.


**WHEREFORE**, Plaintiff demands judgment against Defendant on each and every and all causes

of action, and damages in a sum that exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction of this matter and is within this Court's jurisdiction together with the costs,

disbursements, attorney's fees and interest on all of the above, together with such other and further relief

that this Honorable Court deems just, proper and equitable.

Dated:  New York, New York
            December 6, 2021

                                        _____**Kurt Robertson**_____
                                        Kurt Robertson, Esq.
                                        **ROBERTSON & ASSOCIATES**
                                        Attorneys for Plaintiff
                                        200 Vesey Street, 24th Floor
                                        New York, NY 10281
                                        (929) 438-587

## ATTORNEY VERIFICATION

Kurt Robertson, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

I am a principal of Robertson & Associates, the attorneys for the plaintiff in the above-entitled action. That he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the Plaintiff is that the Plaintiff herein resides in a county other than the one in which the Plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Docket No.:

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF NEW YORK
==============================================
JAMAL CAMPBALL

                  Plaintiff(s),

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT OFFICER KIERSTEN
CHAMBERS JOHN DOE OFFICERS 1-2,

                  Defendant(s).
==============================================
SUMMONS AND VERIFIED COMPLAINT
==============================================
ROBERTSON & ASSOCIATES
  Attorneys for :  Plaintiff(s)
Office and Post Office Address, Telephone
200 Vesey Street, 24th Floor,
New York, NY 10281
(929) 438-5878
==============================================
To
Attorney(s) for
==============================================
Service of a copy of the within
is hereby admitted. Dated,

_____
Attorney(s) for
==============================================
PLEASE TAKE NOTICE:
• NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on
19
• NOTICE OF SETTLEMENT
that an order                                                     of which the within is a true copy
will be presented for settlement to the HON.                      One of the judges of
the
within named Court, at
on                                    at                 M.
Dated
       Yours, etc.
     ROBERTSON & ASSOCIATES
==============================================